IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| **RICKY L. GRIGGS** | * | |
| **ADC #96939,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 5:04CV442 WRW/JFF |
| | * | |
| **LARRY NORRIS,** *et al.*, | * | |
| | * | |
| **Defendants** | * | |

**ORDER**

**I.    Docket entry #72**

In his Motion to Compel (docket entry #72), Plaintiff states that Warden Reed did not provide him with copies of documents he reviewed in connection with his approval of the decision to send Plaintiff to the SuperMax and to place Plaintiff in administrative segregation. This request is contained in docket entry #70 that is Plaintiff's First Set of Production of Documents propounded to Reed and filed on September 16, 2005.  Reed responded that the relevant documents had already been produced to the Plaintiff in response to his prior seven requests for production of documents (docket entry #156).  The Defendants are not required to produce duplicate copies of documents, and may appropriately respond to Plaintiff by pointing out that the documents he requested have already been produced to him.  The Motion to Compel (docket entry #72) is DENIED.

**II.    Docket entry #76**

In Plaintiff's pending Motion to Compel (docket entry #76), he states that Norris failed to completely respond to requests 19 and 23-25.  Upon review, the Court finds Norris' responses to be sufficient.  The Motion to Compel (docket entry #76) is DENIED.

### III. Docket entry #77

In the next pending Motion to Compel (docket entry #77), Plaintiff states that Defendant Schwartz did not provide him with investigative worksheets to grievances and disciplinary actions that he requested in requests 8 and 10 contained in docket entry #69, Plaintiff's Second Set of Production of Documents filed September 13, 2005. Plaintiff contends that she did not provide the investigation worksheets for grievances 03-2686, 03-2626 and 03-2586 as requested in Interrogatory 8. Defendants responded "attached." A fair reading of their response, implies that grievance investigation worksheets exist for all three grievances. Through another pleading, Defendants have informed the Court that no investigation worksheet was completed for CU03-2586 (docket entry #159). With their discovery responses provided to the Court (docket entry #156), Defendants provided the grievances for 03-2686 and 03-2626, but they did not produce the investigation worksheets that they have represented exist. The disciplinary materials requested in Request for Production 10 have been provided. Plaintiff's Motion to Compel (docket entry #77) will be granted as to the grievance investigation worksheets for 03-2686 and 03-2626. Defendants are directed to provide Plaintiff with a copy of the requested investigation worksheets within 10 days of the entry date of this Order.

### IV. Docket entry #128

Plaintiff seeks to compel responses to discovery served on November 12, 2005 (docket entry #90). In response to Request for Production 1 and 5, Defendants objected to Plaintiff's request for documents, witness statements, 005 reports and investigation reports related to certain grievances stating that the information is privileged. The undersigned can find no basis for designating all of this information as "privileged," and in addition, witness statements and

005 reports have already been produced in connection with other grievances. Defendants have made no effort to explain or defend their claim of privilege. Defendants have 10 days from the date of this Order to file with the Court a response explaining and defending their claim of privilege in response to Requests 1 and 5 or the Motion to Compel will be granted.

V.     Docket entry #130

Defendants acknowledge that they did not respond to discovery served on November 15, 2005 (docket entry #100) and have now waived any objections. The Motion to Compel the responses to these requests is GRANTED (docket entry #130), and Defendants are directed to provide responses within 20 days of the entry date of this Order if the responses have not already been so provided to Plaintiff.

VI.    Docket entry #132

Plaintiff seeks to compel responses to discovery requests served on November 18, 2005 (docket entry #101). Defendant Luckett appropriately responded to Plaintiff's requests for Admissions. The Plaintiff cannot use a Motion to Compel to quarrel with his responses or assert that Luckett has lied. The Motion to Compel is DENIED (docket #132).

VII.   Docket entry #134

Plaintiff seeks to compel responses to discovery served on November 16, 2005 (docket entry #99), specifically requests 2, 3, 4, 6, 8, 10, 13, 14, 15, 16. Upon review, the undersigned finds the responses to 2, 3, 4, 6, 8, and 10 to be sufficient. Interrogatory 13 requests a description of current and previous positions Schwartz held in the ADC and the dates the positions were held. Defendants have objected stating that personnel information is sensitive and can cause security issues. The undersigned fails to see how providing this information

3

would pose a security threat or why the limited information Plaintiff seeks should be protected. Interrogatory 15 requests names, titles, and duties of staff at Cummins who had responsibility for responding to, investigating or deciding inmate grievances on the date of 4/30/03. Defendants have objected stating that the information is beyond the scope of discovery and the release of specific job duties could constitute a security threat. Plaintiff has failed to explain to the Court how this information is related to his claims or why it should be discoverable. In response to Interrogatory No. 16, the Court is aware that a copy of the inmate grievance procedure is kept on file in the library. Plaintiff may obtain a copy from the unit library. The Motion to Compel is GRANTED (docket entry #134) as to Interrogatory #13. Defendants may satisfy their obligation by listing Schwartz's previous job titles within the ADC and the dates such were held.

### VIII.    Docket entry #136

Plaintiff seeks to compel responses to discovery served on November 30, 2005 (docket entry #103). Upon review, the Court finds the responses sufficient. The Motion to Compel (docket entry #136) is DENIED.

### IX.    Docket entry #158

Plaintiff's Motion for Reconsideration of the Court's prior Order on discovery related matters is (docket entry #158) DENIED.

### X.    Docket entry #165

Plaintiff has filed a Motion for Sanctions (docket entry #165) asserting that Defendants have failed to comply with the Court's order directing them to provide Griggs with two grievance investigation worksheets. Griggs contends that a grievance investigation worksheet is produced for each grievance an inmate submits. Defendants have responded (docket entry #159)

to the Court's Order (docket entry #150) stating that grievance investigation worksheets are not filled out in the instance where a grievance can be responded to from information already contained in an inmate's file.  They state that no investigation worksheet was completed for CU03-1771 or CU03-2586.  Griggs' Motion for Sanctions (docket entry #165) is DENIED.

### XI.     Request to Amend the Complaint

Plaintiff has filed two Motions to Amend the Complaint (docket entry #146 and #157). Plaintiff states that he believed that the first pleading was not received by the Clerk's Office, and therefore, he filed another Motion to Amend that was docketed on March 13, 2006.  He states that he "wish the second 'amended complaint' to be of record" (docket entry #148).

First, as the Defendants and Plaintiff should know, after defendants in an action have been served with process, a plaintiff must request leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15.  Although a plaintiff cannot file amended complaints on a whim, leave to amend is liberally given.  Even though Griggs styled docket entry #146 as an Amended Complaint, the Clerk properly docketed it as a Motion to Amend the Complaint – which is how it appears on CM/ECF.  Thus, the Court is confused as to why Defendants filed a Motion to Strike docket entry #146 claiming that Griggs failed to follow Federal Rule of Civil Procedure 15 by asking leave of Court to amend.  In any event, their motion makes no substantive objection to the Motion to Amend.  That being said, by Plaintiff's admission, the first request to amend is now moot (docket entry #146) because he subsequently filed a second Motion to Amend (docket entry #157) that he requests be granted.  Accordingly, the Motion to Strike is DENIED (docket entry #152) as moot.

Although styled by Griggs as an Amended Complaint, docket entry #157 was also

properly docketed by the Clerk as a Motion to Amend the Complaint. Again, the Defendants provide no substantive objection to the Motion to Amend in their second Motion to Strike. Accordingly, the Motion to Amend is GRANTED (docket entry #157) and Defendants' Motion to Strike is DENIED (docket entry #162).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motions to Compel (docket entry #72, #76, #132, #136) are DENIED.

2. Plaintiff's Motion to Compel (docket entry #77) will be granted insofar as to the grievance investigation worksheets for 03-2686 and 03-2626. Defendants are directed to provide Plaintiff with a copy of the investigation worksheets within 10 days of the entry date of this Order.

3. Defendants have 10 days from the date of this Order to explain and defend their claim of privilege in response to Requests 1 and 5 in response to the pending Motion to Compel (docket entry #128).

4. The Motion to Compel is GRANTED (docket entry #130), and Defendants are directed to provide responses to docket entry #100 within 20 days of the entry date of this Order if the response have not already been so provided to Plaintiff.

5. The Motion to Compel is GRANTED (docket entry #134) as to Interrogatory #13. Defendants may satisfy their obligation by listing Schwartz's previous job titles within the ADC and the dates such were held.

6. Plaintiff's Motion for Reconsideration of the Court's prior Order on discovery related matters is (docket entry #158) DENIED.

7. Plaintiff's Motion for Sanctions (docket entry #165) is DENIED.

8. Plaintiff's First Motion to Amend is DENIED as moot (docket entry #146).

9. Defendants' First Motion to Strike is DENIED (docket entry #152) is DENIED as moot.

10. Plaintiff's Second Motion to Amend is GRANTED (docket entry #157).

11. Defendants' Second Motion to Strike is DENIED (docket entry #162).

DATED this 24th day of April, 2006.

/s/ John J. Forster, Jr.
_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT