## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**RICKY L. GRIGGS,**                                                                                   **PLAINTIFF**
**ADC # 96939**

**v.**                                       **CASE NO.: 5:04CV00442WRW/BD**

**LARRY NORRIS,** *et al.*                                                                          **DEFENDANTS**


### RECOMMENDED DISPOSITION

The following recommended disposition has been sent to United States District

Judge William R. Wilson.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven

(11) days from the date you receive the Recommended Disposition.  A copy will be

furnished to the opposing party.   Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

Pending are Plaintiff's Motions to Compel (#228) (#236), Defendants' Motion for Summary Judgment (#239), and Plaintiff's Motion to Amend Complaint (#250).[1]  Each party has responded to the motions.[2]  For reasons that follow, the Court recommends that Defendants' Motion for Summary Judgment be GRANTED, Plaintiff's Motion to Amend Complaint be DENIED, and Plaintiff's Motions to Compel be DENIED as moot.

## I.   PROCEDURAL HISTORY

Plaintiff is an inmate confined to the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC").  On December 17, 2004, Plaintiff filed a complaint (#2) under 42 U.S.C. § 1983 alleging that his First and Fourteenth Amendment rights were violated through retaliatory discipline, confinement, and transfer.  On April 24, 2006, he amended his complaint (#206) to state several possible causes of action, including: (1) violation of his Due Process rights regarding placement in Administrative-Segregation and transfer to Varner Supermax Unit ("VSU"); (2) retaliatory and false disciplinary filings; (3) conspiracy to retaliate; and (4) retaliatory transfer to VSU.

Defendants filed a Motion for Summary Judgment (#239) and provided a Statement of Undisputed Facts (#241).  In their motion, Defendants allege that they are entitled to judgment on the following grounds: (1) Plaintiff cannot prove that legally

_____

[1] Plaintiff's Motion to Amend Complaint (#250) appears to be an attempted appeal titled "Motion - Per-Curiam Review by 3 Judge Panel."

[2] The docket reflects no less than twelve total responses and replies to Defendants' Motion for Summary Judgment.

actionable retaliation occurred; (2) Plaintiff has no Constitutional right to remain in a particular institution; (3) the validity of the disciplinary hearings cannot be challenged under 42 U.S.C. § 1983; (4) conspiracy is not an actionable claim; and (5) Defendants are immune from suit under the doctrines of qualified immunity and sovereign immunity. Plaintiff has responded to Defendants' Motion for Summary Judgment.  (#243, 244, 251, 252, 256, 258, 261, 262, 263).

Plaintiff's first response to Defendants' Motion for Summary Judgment (#243) is essentially a Motion to Stay pending completion of discovery.  Plaintiff correctly asserts that his two Motions to Compel (#228) (#236) are pending and that the Court has not provided a discovery cut-off deadline.

Plaintiff also filed a Motion to Amend Complaint (#250).  This motion is apparently an attempt to appeal the Court's denial of Plaintiff's Motion to Amend Complaint (#201).

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be

3

resolved only by a finder of fact because they may reasonably be resolved
in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986).

In reviewing a motion for summary judgment, the Court must view the facts in the light

most favorable to the nonmoving party and give that party the benefit of all reasonable

inferences to be drawn from the record.  *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d

1076, 1077 (8th Cir. 1980).

The moving party bears the initial burden of identifying the evidence which it

believes demonstrates the absence of a genuine issue of material fact.  *Webb v. Lawrence

County*, 144 F.3d 1131, 1134 (8th Cir. 1998).  This burden may be discharged by showing

that there is an absence of evidence to support the non-moving party's case.  *Celotex

Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  Once the moving party

carries this burden, the non-moving party "must do more than simply show that there is

some metaphysical doubt as to the material facts."  *Matsushita Elec. Inc. Co., Ltd. v.

Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a genuine
> issue for trial. If the adverse party does not so respond, summary
> judgment, if appropriate, shall be entered against the adverse party.
> Fed. R. Civ. P. 56(e).

The judge does not weigh the evidence; rather, a judge's function is to determine whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*,  477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Id*. at 249-250.

### III.   **BACKGROUND**

The Plaintiff began his incarceration in the ADC system in 1991.  After serving his initial sentence and being released, the Plaintiff again was incarcerated on December 26, 2002.  On January 8, 2003, after Plaintiff's initial classification, he was assigned to the Cummins Unit of the ADC.  On February 10, 2003, Plaintiff was found guilty of a major disciplinary charge for indecent exposure.  On February 20, 2003, Plaintiff was issued a major disciplinary charge for possession of property not authorized by the unit, failure to obey orders of staff, insolence to a staff member, and use of abusive or obscene language to a staff member.  As a result of these charges, Plaintiff lost 150 days of good time credit and was placed in punitive isolation for thirty (30) days.[3]

On April 2, 2003, just days after being released from punitive isolation, Plaintiff was placed in Administrative Segregation ("Ad-seg") by recommendation of Defendant Luckett.  The next day, Plaintiff was taken before the classification committee and

---

[3] Plaintiff does not take issue with these disciplinary charges, which would be *Heck*-barred if included in Plaintiff's complaint.  See *Heck v. Humphrey*, 512 U.S. 477 (1994); *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996).

informed that he was being considered for permanent assignment to Ad-seg.  On April 8,

2003, Plaintiff called his wife and complained that he was being assigned to Ad-seg for

no reason.  Plaintiff's wife then contacted Defendants Luckett and Reed to inquire about

Plaintiff's placement and to voice his complaints.  Plaintiff received notice of his

classification hearing on April 9, 2003, and was taken before the classification committee

on April 10, 2003.  At the hearing, Plaintiff alleges that Defendant Luckett stated that

"complaining to your family will do you no good."  Plaintiff was permanently assigned to

Ad-seg.

On April 15, 2003, Plaintiff received a major disciplinary charge for failure to

obey staff orders, use of abusive or obscene language to a staff member, insolence to a

staff member, and creating unnecessary noise.  Plaintiff denied the charges and provided

witness statements claiming that he was not talking to the charging officer at the time of

the offense.  Plaintiff filed a grievance against the charging officer, but before the

grievance was addressed, Plaintiff dismissed his grievance.  Plaintiff was found guilty of

all charges and he was given thirty (30) days of punitive isolation.

On April 17, 2003, Plaintiff received a major disciplinary charge for indecent

exposure and failure to obey staff orders.  Defendant Brown reported that Plaintiff was in

a doorway masturbating and disobeyed her when she ordered him to stop.  Plaintiff

responded at his disciplinary hearing, "I was not given a direct order.  This is a lie and I

will get her fired because of this.  This is nothing but a lie."  Plaintiff was found guilty of the charges and he was given another thirty (30) days of punitive isolation.

On April 22, 2003, Plaintiff filed his first grievance.  Plaintiff eventually filed grievances regarding his placement in Ad-seg, the disciplinary charges he received and his transfer to VSU.

On April 28, 2003, while still in punitive isolation, Plaintiff wrote a letter to Defendant Reed and copied Defendants Norris and Hobbs.  Plaintiff stated that his letter was not meant to be a threat.  The contents of Plaintiff's letter states that he was placed in Ad-seg based on lies told by Defendant Luckett, which Defendant Reed was aware of because Plaintiff's wife informed him.  Plaintiff stated in the letter that he was in punitive isolation for no reason at all and that he had spent two years in punitive isolation during his first incarceration, and that:

> I allowed that to happen because I didn't want to hurt no one.
> I'm asking you this day to ship me from your unit.  If you
> don't within the next week or so I want (sic) be responsible
> for my actions.  They will be solely on you . . . I am very
> angry with the treatment I've received from your staff at
> Cummins.  They are very unprofessional and has (sic) no
> business over inmates.  I stay angry and very disturbed by
> there (sic) threats and abuse.  I'm taking no more.  If a man
> can't get respect, he can't have peace in his mind.  It's your
> move Warden, I can't take no more of this abuse and
> mistreatment.  I fear for my life everyday because of the
> threats your officers make.

On May 1, 2003, Defendant Reed received an email from Joyce Bird in Defendant Norris's office.  The email stated:

> The Director received a copy of the letter Inmate Griggs sent
> to you stating " . . . if you don't (ship him) within the next
> week or so I want be responsible for my actions . . ."  I am
> sending it to you just in case you didn't get yours.  Please
> handle.  Thanks.

On May 12, 2003, an individual with ADC's mental health staff visited with

Plaintiff about the letter he sent.  The individual with ADC's mental health was

accompanied by Defendant Davis.  Shortly after the visit, Plaintiff was moved out of the

cell he shared with another inmate and he was placed on single-man status.  On May 21,

2003, Defendant Davis issued a memorandum to Sgt. Cook, with Movement & Control,

recommending that Plaintiff be transferred to VSU.  On the same day, Defendant Davis

issued a memorandum to Defendant Woods, Classification Supervisor, recommending

transfer to VSU because Plaintiff was viewed by staff as a serious threat to security and

safety.  Plaintiff states that these memoranda were falsified after the initiation of this

lawsuit in an effort to validate his transfer to VSU.

On June 9, 2003, Defendant Woods issued a Notice for Supermax Placement to

Plaintiff.  The inmate acknowledgment indicates that Plaintiff refused to sign the notice.

Plaintiff alleges that he never received the notice.  On June 11, 2003, the Supermax

placement hearing was held, and the officers voted unanimously to transfer Plaintiff to

VSU.  Plaintiff alleges that he was told at the hearing that he was being transferred for

filing grievances against Defendant Luckett.  Plaintiff served his remaining time at

Cummins in punitive isolation and was then transferred to VSU.

8

## IV.  **DISCUSSION**

Based on Plaintiff's liberally construed allegations and deposition testimony, the Complaint raises issues of Due Process violations and retaliation.  Taking Plaintiff's Statement of Undisputed Material Facts as true, Plaintiff may be able to show that his initial placement in Ad-seg was arbitrary.  Further, Plaintiff may be able to show that some of the Defendants failed to follow applicable policy in his initial placement in Ad-seg.  Viewing the record in a light most favorable to Plaintiff, he may also be able to show that retaliation was a factor in his transfer to VSU.  These assertions are highly suspect based on the evidence and Plaintiff's previous disciplinary record; however, the Court must give the Plaintiff the benefit of all reasonable inferences to be drawn from the record.  If Plaintiff's allegations are true, the complained of acts were improper, but not actionable.

### A.  **Due Process Violations:**

To prevail on a Due Process claim, Plaintiff must demonstrate that he was deprived of life, liberty or property by government action.  *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003).  Based on Plaintiff's allegations, the only cognizable deprivation is a potential liberty interest.  Much of Plaintiff's attention is focused on alleged violations of prison policy.  Unfortunately for Plaintiff, there is no federal Constitutional liberty interest in having state officers follow state law or procedure.

*Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748 (1983)).

An inmate's liberty interests are limited to freedom from restraint which imposes an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Plaintiff must claim that he suffered restraint of liberty when he was assigned to Ad-seg. To maintain this claim, Plaintiff bears the burden of proving that the restraint imposed is an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff cannot make this showing.

The Eighth Circuit has held that demotion to segregation, even without cause, is not itself an atypical and significant hardship. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)). Since segregation is not an atypical and significant hardship, Plaintiff has no liberty interest in avoiding Ad-seg. *See Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (no liberty interest in avoiding administrative segregation). Without the underlying liberty interest, Plaintiff cannot maintain an action for violation of his right to Due Process.

Similarly, Plaintiff's Due Process claim regarding his transfer to VSU must also fail. Plaintiff claims that he was not properly informed of his Due Process rights regarding his transfer to VSU. Plaintiff does not dispute the fact that he received a copy of the ADC Inmate Handbook. He also does not dispute the fact that the handbook

clearly explains his rights regarding VSU transfer hearings.  In addition, Plaintiff admits that he received notice of the Supermax Placement Hearing on April 9, 2003, two days before the hearing was held.  While Plaintiff denied receiving notice in his allegations, he states in his deposition that he received notice of the hearing, but not notice of what he could do at the hearing.

To prevail, Plaintiff must show that he had a liberty interest in his placement in Cummins Unit and that his transfer to VSU imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.  See *Sandin*, 515 U.S. at 484.  Plaintiff cannot make this showing because he has no liberty interest in remaining in a specific prison.  See, *e.g.*, *Williams v. Walls*, 744 F.2d 1345, 1346 (8th Cir. 1984) (holding there is no liberty interest protected by the Due Process Clause implicated and no particular process required in connection with inmate transfers among prisons); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding no liberty interest in not being transferred to a higher security institution with loss of privileges and Class without a hearing); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547 (1976) (holding that Due Process Clause does not require any hearing in connection with transfers to another prison).  Because Plaintiff will have the burden of proof at trial regarding his Due Process claims, and he cannot meet this burden, his Due Process claims should be dismissed with prejudice.

**B.  Retaliatory and False Disciplinary Charges:**

Plaintiff claims that he was retaliated against for voicing his complaints and filing grievances against ADC officers.  For retaliation to be actionable, the Defendants must have retaliated against Plantiff for the exercise of a Constitutional right.  *Nei v. Dooley, 372 F.3d 1003, 1007 (8th Cir. 2004) (per curiam)*.  Filing a false disciplinary charge against an inmate is actionable under § 1983 if done in retaliation for inmate's having filed grievances, *under established procedures*, because such retaliation interferes with inmate's access to grievance procedure.  *Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989)* (emphasis added).

Plaintiff takes issue with his placement in Ad-seg and two major disciplinary charges filed against him on April 15, 2003, and April 17, 2003.  It is undisputed that Plaintiff did not file a single grievance or lawsuit until April 22, 2003, five days after the last allegedly false disciplinary and twenty days after his initial placement in Ad-seg.  It is also undisputed that Plaintiff complained to his wife about his treatment by prison officials after his placement in Ad-seg, but before either of the referenced disciplinary charges were filed against him.  The record is void of evidence showing that Plaintiff's placement in Ad-seg was retaliatory.  Instead, the evidence shows an extensive history of disciplinary infractions by Plaintiff.  Regarding the allegedly false disciplinary charges, the only retaliation arguably supported by the evidence is that Plaintiff was retaliated against for complaining to his wife.  This Court finds no support for a Constitutional right

to complain to family members.  Without an underlying exercise of a Contsitutional right, Plaintiff's retaliation claim fails.

In addition, Plaintiff was provided hearings regarding the allegedly false disciplinary charges.  He was found guilty of the charges based on the evidence presented at the hearings.  This evidence shows that Plaintiff actually committed disciplinary violations.  Based on this alone, Plaintiff's claim would fail.  A finding that a disciplinary is based on some evidence of a violation "essentially checkmates" a retaliation claim. *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) cert. denied, 515 U.S. 1145, 115 S.Ct. 2584 (1995).

### C.  Conspiracy to Retaliate:

Plaintiff's claim for conspiracy to file false disciplinary charges and transfer Plaintiff is not well developed.  Construing Plaintiff's pleadings liberally, and viewing the evidence in a light most favorable to Plaintiff, his allegations may state a claim against the Defendants.  The evidence may show that the Defendants actively sought an excuse to transfer Plaintiff, possibly for his numerous complaints.  Some of those complaints are contained in the somewhat disturbing letter Plaintiff wrote to Defendants Norris, Hobbs, and Reed.  On the other hand, there is no evidence, besides conclusory allegations, that connects the allegedly false disciplinary charges to a common scheme to retaliate against Plaintiff.  More importantly, there is no evidence that the alleged conspiracy violated any of Plaintiff's constitutional rights.  See, *e.g.*, *Askew v. Millerd*, 191 F.3d 953, 957 (8th

Cir. 1999) (requiring a plaintiff to show that a constitutional deprivation occurred in order to prove a § 1983 conspiracy claim).  Because Plaintiff cannot show that a constitutional deprivation occurred, he cannot prove an actionable conspiracy against him.

### D.  Retaliatory Transfer to Varner Supermax Unit:

Plaintiff alleged that he was told at his transfer hearing that he was being transferred to VSU due to grievances filed against Defendant Luckett.  Based on this allegation, Plaintiff properly stated a claim for retaliatory transfer.  This allegation alone is sufficient to defend against a motion to dismiss for failure to state a claim.  The Defendants, however, filed for summary judgment and provided evidence sufficient to shift the burden of production to Plaintiff.  Plaintiff cannot rest on mere allegations, but rather must provide affirmative evidence to show that there is a genuine issue necessitating trial.  *Anderson,* 477 U.S. at 257.  If Plaintiff's bare assertion was sufficient to defend against a motion for summary judgment, then inmates would have an absolute response against dismissal of a retaliatory transfer claim.  The response to any such motion would be for an inmate simply to allege that he was told that the transfer was in retaliation for filing grievances.

This Court is mindful that it is inappropriate to make credibility determinations in ruling on a motion for summary judgment.  *Id.* at 249.  This does not mean the Court cannot consider summary judgment in light of Plaintiff's assertion.  Instead, the Court must continue to analyze Plaintiff's claim under applicable Eighth Circuit precedent.

In order to prevail on a retaliatory transfer claim, Plaintiff must prove that the transfer was motivated by impermissible retaliation.  *Farver v. Vilches*, 155 F.3d 978, 979 (8th Cir. 1998) (citing *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993), cert. denied, 512 U.S.1209, 114 S.Ct. 2684 (1994)).  The evidence offered by Plaintiff might be enough for a jury to decide that Plaintiff was transferred, in part, in retaliation for filing grievances. This evidence alone is not sufficient.  Plaintiff also must prove that, *but for* an unconstitutional retaliatory motive, the transfer *would not have occurred*.  *Id*. at 979.  See also, *Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir. 1991) (rejecting retaliatory transfer claim, even when filing of lawsuits against officials clearly was a factor in transfer, because inmate did not prove transfer would not have been made "but for" litigation).

Defendants presented evidence of Plaintiff's extensive prison disciplinary record, including fourteen (14) indecent exposure convictions, nine (9) assault or battery convictions, fifty-two (52) failure to obey orders convictions, and various other infractions for possessing drugs and setting a fire.  Plaintiff received four (4) major disciplinary charges and received ninety (90) days of punitive isolation in his first four months at Cummins Unit.  Plaintiff stated that during his previous incarceration, he had allowed his placement in punitive isolation because he did not want to hurt anyone, but that he was not going to take it this time.  Plaintiff himself demanded a transfer or else he "[would not] be responsible for [his] actions."  After this demand, Defendant Reed was told to handle the situation.  Less than a month later, Plaintiff was recommended for

15

transfer because he was a threat to the security and safety of the prison.  Based on the record, and giving Plaintiff all reasonable inferences to be drawn from it, no reasonable jury could find that "but for" Plaintiff's grievances, he would not have been transferred to VSU.  Accordingly, Defendants' Motion for Summary Judgment should be granted.

### E.  Motions to Compel:

Plaintiff has two motions to compel pending, both involving responses to interrogatories.  While a stated need for additional information can form the basis of a denial of a motion for summary judgment, see *e.g.*, Fed R. Civ. P. 56(f), the information sought by the Plaintiff is not reasonably related to the motion for summary judgment, and the Plaintiff could not avoid summary judgment even if answers to the interrogatories were provided.

The interrogatories at issue in Plaintiff's most recent Motion to Compel (#236) do not involve Plaintiff in any fashion.  The interrogatories involve the number of inmates transferred to VSU and reasons for the transfers.  Plaintiff has not alleged any specific relevance the information has to his claims.  In addition, Plaintiff has not asserted an Equal Protection claim or alleged that he was treated differently than similarly situated inmates.

The interrogatories at issue in Plaintiff's previous Motion to Compel (#228) involve prison policy that is not relevant to Plaintiff's claims.  In his numerous responses,

Plaintiff has not provided any clue as to why he would need this information to defend against Defendants' summary judgment motion.

Because Plaintiff has not demonstrated any need for the information sought in his motions to compel, the Court is not inclined to stay consideration of Defendants' motion for summary judgment in order to continue discovery.  Plaintiff adequately and thoroughly responded to Defendants' motion, attaching what appears to be every piece of discovery material the Defendants provided in this case.  The Court has considered the record and concludes that the Defendants are entitled to judgment as a matter of law.  Based on this conclusion, Plaintiff's motions to compel should be denied as moot.  See, e.g., *Bledsoe v. Nucor-Yamato Steel Co.*, 18 Fed.Appx. 433, 436, 2001 WL 987540 (8th Cir. 2001) (unpublished) (*cert. denied, Bledsoe v. Nucor-Yamato Steel Co.*, 536 U.S. 904, 122 S.Ct. 2357 (2002)) (holding that it is proper to rule a motion to compel moot once the Court has disposed of all the claims).

### F.  Motion to Amend Complaint:

Plaintiff's Motion to Amend Complaint (#250) is a request for review of the denial of his previous Motion to Amend Complaint and Motion for Reconsideration.  In this motion, Plaintiff requests that a three-judge panel review the previous denials.  Plaintiff included a certified application to proceed in forma pauperis and cited appellate rules of procedure.  This motion should be denied because the District Court cannot grant the relief Plaintiff requests in his motion.

17

## V.    CONCLUSION

For the reasons stated, the Court recommends that the District Court GRANT Defendants' Motion for Summary Judgment (#239); DENY Plaintiff's Motions to Compel (#228, #236) as moot; DENY Plaintiff's Motion to Amend Complaint (#250); and DISMISS Plaintiff's claims with prejudice.

DATED this 26th day of February, 2007.

_____

UNITED STATES MAGISTRATE JUDGE